IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

HEATHER SIZEMORE                                                                                    PLAINTIFF

vs.                                          Civil No. 2:20-cv-02196

COMMISSIONER, SOCIAL                                                                          DEFENDANT
SECURITY ADMINISTRATION

## MEMORANDUM OPINION

Heather Sizemore ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 4.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed her disability application on June 6, 2016.  (Tr. 10).  In this application, Plaintiff alleges being disabled due to depression, anxiety, hypothyroidism, Hashimoto's disease, pseudo seizures, insomnia, and Vitamin D deficiency.  (Tr. 188).  Plaintiff

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___"  The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 15.  These references are to the page number of the transcript itself not the ECF page number.

1

alleges an onset date of April 1, 2010. (Tr. 10). This application was denied initially and again upon reconsideration. *Id.*

After these denials, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 24-48). Plaintiff's administrative hearing was held in Fort Smith, Arkansas on February 8, 2018. *Id.* Plaintiff was present and was represented by counsel, David Harp, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Montie Lumpkin testified at this hearing. *Id.*

On May 2, 2018, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 10-18). The ALJ determined Plaintiff last met the insured status requirements of the Act on December 31, 2015. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") during the period from her alleged onset date of April 1, 2010, through her date last insured of December 31, 2015. (Tr. 12, Finding 2).

The ALJ determined that through her date last insured, Plaintiff had the following severe impairments: dysfunction of the major joints, curvature of the spine, disorder of the thyroid gland and pseudo-seizures. (Tr. 12, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 12-13, Finding 4).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity (RFC) to perform less than the full range of light work as defined in 20 CFR 404.1567(b) except the claimant is limited to lifting/carrying up to 20 pounds occasionally and up

> to ten pounds frequently, sitting, standing or walking for approximately six hours per eight hour workday, with normal breaks.  The claimant is limited to pushing/pulling as much as the claimant can lift/carry.  The claimant is limited to avoiding even moderate exposure [to] hazardous machinery and unprotected heights.  The claimant is limited to using a handheld assistive device for stability in cold weather.

*Id.*

The ALJ found Plaintiff was thirty-seven (37) years old, which is defined as a "younger individual" under 20 C.F.R. § 404.1563(c) (2008).  (Tr. 16, Finding 7).  The ALJ determined Plaintiff had at least a high school education and was able to communicate in English.  (Tr. 16, Finding 8).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any PRW.  (Tr. 16, Finding 6).  The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 16-17, Finding 10).  Plaintiff and the VE testified at the administrative hearing regarding this issue.  *Id.*

Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform work as a call-out operator (sedentary, unskilled) with 6,672 jobs in the nation; addressing clerk (sedentary, unskilled) with 6,113 jobs in the nation; and tile table worker (sedentary, unskilled) with 2,892 jobs in the nation.  (Tr. 17).  Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, at any time from April 1, 2010 (alleged onset date) through December 31, 2015 (date last insured).  (Tr. 17, Finding 11).

Plaintiff requested the Appeals Council's review of the ALJ unfavorable disability determination. On September 10, 2018, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-3).  On November 2, 2020, Plaintiff filed the present appeal. ECF No. 1.  The

3

Parties consented to the jurisdiction of this Court on November 3, 2020. ECF No. 4. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); Ramirez *v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.　**Discussion:**

In her appeal brief, Plaintiff raises the following two arguments for reversal: (1) the ALJ's RFC finding (including his evaluation of her subjective complaints) is inconsistent with the record; and (2) the ALJ improperly evaluated the opinions of her treating physician. ECF No. 17 at 11-20. Because the Court finds the ALJ erred in assessing Plaintiff's subjective complaints, the Court will only address her first argument for reversal.

The Court notes that in assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20

C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ did not provide sufficient reasons for discounting Plaintiff's subjective complaints. In his opinion, the ALJ merely summarized Plaintiff's medical records and discounted her subjective complaints because her medical records were not consistent with those complaints: "The claimant's symptoms are *reasonably consistent* with the medical evidence and other evidence in the record. The *medical evidence* establishes dysfunction of the major joints, curvature of the spine, disorder of the thyroid gland and pseudoseizures. For the aforementioned reasons, the claimant is limited to less than the full range of light exertion, with nonexertional limitations." (Tr. 16) (emphasis added). Indeed, although the ALJ mentions "other evidence in the record," the ALJ does not specifically provide what "other evidence" (apart from her medical evidence) was inconsistent with her subjective complaints.

Based upon this review, the Court finds the ALJ improperly discounted Plaintiff's subjective complaints based upon her medical records alone. *See Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Accordingly, because the ALJ provided an insufficient basis for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

**4.**   **Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's RFC determination and credibility analysis are not supported by substantial evidence in the record. As such, this case is reversed and

remanded for further findings consistent with this opinion. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 2nd day of August 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE